IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARCUS J. JOHNSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 08-937-SLR |
| | ) |
| PERRY PHELPS, Warden, | ) |
| and JOSEPH R. BIDEN, III, | ) |
| Attorney General of the State | ) |
| of Delaware, | ) |
| | ) |
| Respondents. | ) |

Marcus J. Johnson. Pro se petitioner.

Gregory E. Smith, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

**MEMORANDUM OPINION**

July 15, 2010
Wilmington, Delaware

ROBINSON) District Judge

## I. INTRODUCTION

Petitioner Marcus J. Johnson ("petitioner") is a Delaware inmate in custody at the James T. Vaughn Correctional Center in Smyrna, Delaware. Presently before the court is petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 2) For the reasons that follow, the court will dismiss his application.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On March 16, 2004, Detectives Messiner and Whiley, and Sergeant Becker, responded to a citizen report of drug activity when they observed two people in a blue Crown Victoria with an expired temporary registration parked facing westbound on the eastbound lane of Parma Avenue. The police officers approached the car after watching it for several minutes. The passenger identified himself as Richard Jones. Detective Messiner immediately noticed that Jones had what appeared to be a metal pipe used to smoke crack cocaine attached to his key ring. Upon noticing the pipe, Detective Messiner ordered Jones out of the vehicle. Once Jones exited, the detective noticed a clear sandwich baggy which contained an off-white, rock-like substance that appeared to be consistent with crack cocaine beneath the seat where Jones had been sitting. Detective Messiner then ordered the driver out of the vehicle, and the officers searched the car. During the search, Sergeant Becker found a brown sandwich bag containing an orange digital scale, and sandwich baggies identical to the one already found with cocaine. Police recovered a total of 21.49 grams of crack cocaine from the vehicle. Both Jones and petitioner (the driver) were arrested. *Johnson v. State*, 918

A.2d 338 (Table), 2006 WL 3759403 (Del. Dec. 22, 2006).

On March 22, 2004, the New Castle grand jury indicted petitioner on the following charges: trafficking in cocaine (10 to 50 grams); possession with intent to distribute cocaine ("PWITD" cocaine); maintaining a vehicle for keeping controlled substances; conspiracy in the second degree; possession of drug paraphernalia; invalid/expired registration; driving with a suspended or revoked license; and possession of cocaine. During the trial, the State dismissed the charges of possession of cocaine and conspiracy, and a Delaware Superior Court jury found petitioner guilty of all remaining charges. On May 19, 2006, the Superior Court sentenced petitioner as follows: three years at Level V imprisonment on the PWITD cocaine conviction; two years at Level V imprisonment for trafficking in cocaine; three years at Level V, suspended for eighteen months at Level III probation, for maintaining a vehicle for keeping controlled substances; one year at Level V, suspended for one year at Level II probation, for possession of drug paraphernalia; thirty days at Level V, suspended for six months at Level II probation, for driving with a suspended license; and fines for having an invalid/expired registration. *See State v. Johnson*, 2007 WL 1989844 (Del. Super. Ct. July 5, 2007). On June 19, 2006, the Superior Court modified the sentence to give petitioner credit for time previously held in default of bond, but otherwise did not alter the sentence. The Delaware Supreme Court affirmed petitioner's convictions and sentences. *Johnson v. State*, 2006 WL 3759403 (Del. Dec. 22, 2006).

In January 2007, petitioner filed in the Superior Court his first motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("first Rule 61 motion"), asserting four claims for relief. The Superior Court denied the Rule 61 motion

after determining that the insufficiency of evidence claim was barred by Rule 61(i)(3), the two ineffective assistance of counsel claims were meritless, and the double jeopardy claim was improperly presented in a Rule 61 motion because the purpose of the claim was to seek a modification of sentence. *State v. Johnson*, 2007 WL 1989844 (Del. Super. Ct. July 5, 2007). The Delaware Supreme Court affirmed the Superior Court's decision and, citing Delaware Supreme Court Rule 8, also refused to consider two additional claims that were not raised in the Rule 61 motion. *Johnson v. State*, 2007 WL 3119657 (Del. Oct. 24, 2007).

Petitioner filed his second Rule 61 motion while the appeal from the denial of his first Rule 61 motion was still pending. *State v. Johnson*, 2007 WL 2823330 (Del. Super. Ct. Sept. 25, 2007). The Superior Court summarily denied the second Rule 61 motion as premature, and petitioner did not appeal that decision. *Id.*

Petitioner filed his third Rule 61 motion on November 26, 2007, asserting three grounds for relief: (1) his prosecution for trafficking in cocaine and possession with intent to distribute cocaine amounted to double jeopardy following the prosecution's dismissal of the charge of possession of cocaine; (2) his attorney rendered ineffective assistance by failing to move for judgment of acquittal; and (3) his attorney rendered ineffective assistance by failing to seek an instruction or argue to the jury during the closing argument that the prosecution had dismissed the charges of conspiracy and possession of cocaine because it had insufficient evidence. *State v. Johnson*, 2008 WL 2192818 (Del. Super. Ct. May 23, 2008). The Superior Court denied the third Rule 61 motion after determining that the claims raised therein were procedurally barred by Rule

61(i)(2), and the Delaware Supreme Court affirmed that decision. *Johnson v. State*, 962 A.2d 917 (Table), 2008 WL 4946210 (Del. Nov. 20, 2008).

Petitioner timely filed the instant application in this court. The State filed an answer, arguing that three claims in the application are procedurally barred from federal habeas review. The application is ready for review.

## III. EXHAUSTION AND PROCEDURAL DEFAULT

A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). One pre-requisite to federal habeas review is that a petitioner must exhaust all remedies available in the state courts. *See* 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir. 2000).

A petitioner satisfies the exhaustion requirement by "fairly presenting" the substance of the federal habeas claim to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider it on the merits. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). If the petitioner presents a habeas claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally defaulted. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Harris*

4

*v. Reed*, 489 U.S. 255, 260-64 (1989).

A federal court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999); *Coleman*, 501 U.S. at 750-51; *Caswell v. Ryan*, 953 F.2d 853, 861-62 (3d Cir. 1992). To demonstrate cause for a procedural default, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, the petitioner must show that the errors during his trial created more than a possibility of prejudice; he must show that the errors worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, if the petitioner demonstrates that a "constitutional violation has probably resulted in the conviction of one who is actually innocent," *Murray*, 477 U.S. at 496, then a federal court can excuse the procedural default and review the claim in order to prevent a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wenger v. Frank*, 266 F.3d 218, 224 (3d Cir. 2001). The miscarriage of justice exception applies only in extraordinary cases, and actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Murray*, 477 U.S. at 496. A petitioner establishes actual innocence by asserting "new reliable evidence - -whether it be exculpatory scientific evidence,

trustworthy eyewitness accounts, or critical physical evidence - - that was not presented at trial," showing that no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. *Hubbard v. Pinchak*, 378 F.3d 333, 339-40 (3d Cir. 2004).

## IV. DISCUSSION

Petitioner presents three claims in his application: (1) his prosecution for trafficking in cocaine and possession with intent to distribute cocaine amounted to double jeopardy following the prosecution's dismissal of the charge of possession of cocaine; (2) his attorney rendered ineffective assistance by failing to move for judgment of acquittal; and (3) his attorney rendered ineffective assistance by failing to seek an instruction or argue to the jury during the closing argument that the prosecution had dismissed the charges of conspiracy and possession of cocaine because it had insufficient evidence. Petitioner exhausted state remedies for claims one, two, and three by presenting them to the Delaware Supreme Court when he appealed the denial of his third Rule 61 motion.[1] The Delaware Supreme Court, however, held that the claims were procedurally barred under Delaware Superior Court Rule 61(i)(2) because petitioner failed to raise the issues in his first Rule 61 motion.[2] *Id.* at *1.

---

[1]Petitioner did not exhaust state remedies during his direct appeal because the sole argument raised on direct appeal was completely dissimilar from the three claims raised here. Specifically, petitioner's sole appellate argument asserted that the trial judge should have declared a mistrial after the second prejudicial, non-responsive answer of a state witness. (D.I. 20, Appellant's Op. Br. in *Johnson v. State*, No.287,2006)

[2]To the extent petitioner raised claims one and three to the Delaware Supreme Court on appeal from the denial of his first Rule 61 motion, the claims are still procedurally defaulted. During the appeal of his first Rule 61 motion, petitioner argued that, once the State dismissed the charges of conspiracy and possession of cocaine, the remaining charges should also have been dismissed. Petitioner also argued that,

6

By applying the procedural bar of Rule 61(i)(2), the Delaware Supreme Court articulated a "plain statement" under *Harris v. Reed*, 489 U.S. 255, 263-4 (1984) that its decision rested on state law grounds. Superior Court Criminal Rule 61 constitutes an independent and adequate state procedural rule precluding federal habeas review. *See McCleaf v. Carroll*, 416 F. Supp. 2d 283, 296 (D. Del. 2006); *Mayfield v. Carroll*, 2005 WL 2654283 (D. Del. Oct. 11, 2005). Thus, the court cannot review the merits of claims one, two, and three absent a showing of cause for the default, and prejudice resulting therefrom, or upon a showing that a miscarriage of justice will occur if the claim is not reviewed.

Petitioner has not alleged, and the court cannot discern, any cause for his procedural default of the instant three claims. In the absence of cause, the court will not address the issue of prejudice. Moreover, the court concludes that petitioner's procedural default should not be excused under the "miscarriage of justice" exception to the procedural default doctrine; petitioner's assertion that the prosecution's dismissal of the conspiracy and possession charges during trial demonstrates his "actual innocence" does not constitute "new reliable" evidence that can establish his innocence.

---

once these charges were dismissed, defense counsel should have requested a jury instruction that he could not be found liable for the balance of the indictment. Citing Delaware Supreme Court Rule 8, the Delaware Supreme Court refused to consider these claims because petitioner did not present them to the Superior Court in his Rule 61 motion. *See Johnson*, 2007 WL 3119657, at *1 n.3 & n.4.
    The court has previously held that the Delaware Supreme Court's application of Rule 8's plain error doctrine constitutes an independent and adequate state ground precluding federal habeas review. *See Roten v. Deloy*, 575 F. Supp. 2d 597, 604 (D. Del. 2008)(citing *Campbell v. Burris*, 515 F.3d 172, 179-82 (3d Cir. S008). Petitioner has not alleged any cause for, or prejudice resulting from, his procedural default of these claims. Consequently, the court concludes that claims one and three are also procedurally barred due to this additional procedural default as well.

Accordingly, the court will deny claims one, two, and three as procedurally barred.

## V. CERTIFICATE OF APPEALABILITY

Finally, the court must decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2008). The court may issue a certificate of appealability only when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the denial of a constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Further, when a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack*, 529 U.S. at 484.

For the reasons stated above, the court concludes that petitioner's habeas application must be denied. Reasonable jurists would not find this conclusion debatable. Consequently, petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

## VI. CONCLUSION

For foregoing reasons, the court will deny petitioner's application for habeas relief filed pursuant to 28 U.S.C. § 2254. An appropriate order will be entered.